STATE OF RHODE ISLAND
KENT, SC.

KENT SUPERIOR COURT
FILED

08 AUG 25 AM 9:30

DAVID E. PERRY, CLERK

SUPERIOR COURT

TIMOTHY V. COLGAN
*Plaintiff*,

v.

C.A. No. KC08-0810

THE CITY OF WARWICK, R.I.;
ERNEST ZMYSLINSKI, in his capacity as Finance Director for the City of Warwick;
and WARWICK POLICE DEPARTMENT,
*Defendants*.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that on August 19, 2008, the Defendants, City of Warwick, Ernest Zmyslinski, and the Warwick Police Department (collectively "Defendants"), filed a Notice of Removal with the Clerk of the Court of the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1441 and 1446. A copy of said Notice is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), removal of this action is now effective and this Court may proceed no further unless and until this case is remanded.

Defendants,
By their attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

C.A. No. KC08-0810

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Notice of Removal was mailed, postage prepaid, on this 19th day of August 2008, to:

Raymond J. Angell III, Esq. (#6291)
CASSEL & ANGELL, LLP
1441 Park Avenue, Suite E
Cranston, RI 02920
(401) 383-7177
(401) 383-7178 fax

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

# Exhibit A

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
AUG 19 2008
U.S. DISTRICT COURT
DISTRICT OF R.I.

TIMOTHY V. COLGAN

*Plaintiff,*

v.

THE CITY OF WARWICK, R.I.; ERNEST ZMYSLINSKI, in his capacity as Finance Director for the City of Warwick; and WARWICK POLICE DEPARTMENT,

*Defendants.*

CA 08 311T

*{ Removing from C.A. No. KC08-0810 }*

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 et seq., Rule 81(c) of the Federal Rules of Civil Procedure, and Local Civil Rule 81 of the United States District Court for the District of Rhode Island, Defendant alleges as follows:

1. Defendants, the City of Warwick, its Finance Director, Ernest Zmyslinski, and the City of Warwick Police Department (collectively "Defendants"), are defendants in the civil action filed in Kent County Superior Court, entitled, *Timothy V. Colgan, v. City of Warwick, et al., C.A. No. KC08-0810.*

2. Attached hereto, as Exhibit A, is a copy of the complaint filed in the case being removed, pursuant to Local Civil Rule 81(a).

3. Upon information and belief, the complaint in the above described case was accepted for service by Defendants' counsel on or about August 11, 2008 and, therefore, within thirty (30) days of filing this Notice of Removal. Accordingly, this Notice of Removal is timely

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

under 28 U.S.C. § 1446(b).

4. The above described action, as stated in plaintiff's complaint, is one of which this Court has original federal question jurisdiction, pursuant to the provisions of 28 U.S.C. § 1331, and is therefore one which may be removed to this Court by these defendants, pursuant to the provisions of 28 U.S.C. § 1441(a)-(d). .

5. This Notice of Removal is filed on behalf of all defendants in this matter.

6. A copy of this Notice of Removal will be filed promptly in the Court from which the case is being removed, pursuant to Local Rule 81(a)(1).

7. Within ten (10) days after filing this Notice of Removal, defendants shall file certified or attested copies of the docket sheets and all documents filed in the state court case, pursuant to Local Civil Rule 81(b).

Defendants,
By their attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Notice of Removal was mailed, postage prepaid, on this 19th day of August 2008, to:

Raymond J. Angell III, Esq. (#6291)
CASSEL & ANGELL, LLP
1441 Park Avenue, Suite E
Cranston, RI 02920
(401) 383-7177
(401) 383-7178 fax

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

# Exhibit A

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

COPY

STATE OF RHODE ISLAND
KENT, SC

SUPERIOR COURT

TIMOTHY V. COLGAN :
:
:
VS. : C.A. NO.: KC-2008-0810
:
THE CITY OF WARWICK, RI; :
and ERNEST ZMYSLINSKI, in his :
capacity as FINANCE DIRECTOR; and :
THE CITY OF WARWICK POLICE :
DEPARTMENT and STEPHEN :
M. McCARTNEY in his capacity as :
CHIEF OF POLICE

## COMPLAINT ALLEGING CIVIL RIGHTS AND JOB DISCRIMINATION

Now comes the Plaintiff in the above-entitled matter, and hereby states his cause of action as follows:

## PARTIES AND JURISDICTION

1. At all times material hereto, Plaintiff has been a resident of the City of Warwick, County of Kent, State of Rhode Island.
2. At all times material hereto, Defendant City of Warwick, is a municipal corporation organized under the laws of the State of Rhode Island, and is named through its Finance Director Ernest Zmyslinski.
3. At all times material hereto, the City of Warwick Police Department, by and through Stephen M. McCartney, is an instrumentality and subdivision of the City of Warwick and Chief Stephen M. McCartney is a duly authorized agent and servant of Defendant, City of Warwick and authorized to act of behalf of the City of Warwick.
4. The amount in controversy meets the jurisdictional requirements of this Court.

KENT SUPERIOR COURT
FILED
08 JUN 13 PM 2:24
DAVID E. PERRY, CLERK

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

## FACTUAL ALLEGATIONS

5. On or about January 1, 1999 the Plaintiff was involuntarily retired from his position as a Warwick Police Officer for a job related disability;
6. On or about March 7, 2007 Plaintiff made a request to Deputy Chief Mark Titus to be allowed to work special details that fall under an existing agreement captioned "Retired Warwick Police Officers Working Special Details";
7. Plaintiff's request was denied by Deputy Chief Mark Titus;
8. On or about March 19, 2007 Plaintiff received notice from Counsel of the City of Warwick that Deputy Chief Titus' denial was based on Article X, Section 10-4 of the City of Warwick City Charter which specifically denies a retired police officer with a disability the opportunity to obtain employment and receive compensation from working details;
9. On or about June 25, 2007 Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights seeking the ability to work special details and compensation for the time period he was denied the right to work special details;
10. Despite Plaintiff's cervical/spine disability, he meets the physical requirements necessary to perform, and is capable of performing, the duties required for special details without any special accommodation from the City of Warwick;
11. On or about July 19, 2007, the City of Warwick and Ernest Zmyslinski, Finance Director, denied the allegations specifically referencing Article X, Section 10-4 of the Warwick City Charter;
12. On or about February 13, 2008, the Rhode Island Human Rights Commission found "probable cause" to believe that the Defendant violated the RI Fair Employment Practices Act, Title 28, Chapter 5 of the General Laws of Rhode Island.
13. On or about February 18, 2008, the Defendant, through their Attorney, caused the Rhode Island Human Rights Commission proceedings to be terminated, seeking to have the matter addressed in the Superior or Federal Court.
14. After the passage of more than one hundred twenty days, on or about March 19, 2008 Plaintiff received notice from the State of Rhode Island Commission for

TRUE COPY ATTEST
TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT
CLERK

Human Rights that the City of Warwick Police Department and Ernest Zmyslinski, Finance Director elected to have the case heard and decided in Superior Court and was issued a Notice of Right to Sue, a copy of which Notice is annexed hereto as "Exhibit 1".

15. At all times material hereto, Plaintiff has suffered from a cervical/spine injury incurred while he was a member of the Warwick Police Department, said injury being a physical disability that substantially limits one or more life activity(s), or, in the alternative, is regarded as having an impairment as defined by Rhode Island General Laws §42-87-1 et seq..
16. At all times material hereto, Plaintiff has received discriminatory and disparate treatment by being denied an ability to work special details in the City of Warwick.
17. As a consequence, Plaintiff avers that the City of Warwick and the Warwick Police Department have discriminated against him in a malicious, willful and deliberate manner, such as to support an award of punitive damages.

**COUNT I**

**(Violation of R.I.G.L. §42-87-2 et seq)**

18. Plaintiff hereby reasserts the allegations contained in Paragraphs One through Seventeen above as if fully set forth herein.
19. The acts and omissions of the City of Warwick Police Department and the City of Warwick and its agents as aforesaid, jointly and severally, constitute discriminatory acts based upon a disability, as defined by R.I.G.L. §42-87-3 and prohibited under R.I.G.L. §42-87-2.
20. The acts and omissions of the City of Warwick Police Department and the City of Warwick and it's agents as aforesaid, jointly and severally, do constitute an ongoing violation of Plaintiff's civil rights.
21. Pursuant to provisions of R.I.G.L. §42-87-4, Defendants are liable to Plaintiff for compensatory and/or punitive damages, as well as such other and further relief this Honorable Court may deem appropriate.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

TRUE COPY ATTEST

DAVID E. PERRY, CLERK

## COUNT II

**(Discrimination based on disability in violation of the Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.)**

22. Plaintiff hereby reasserts the allegations contained in Paragraphs One through Twenty-One above as if fully set forth herein.
23. The acts and omissions of the City of Warwick, the City of Warwick Police Department, and its agents as aforesaid, jointly and severally, do constitute unlawful employment practices as defined in R.I.G.L. §28-5-7.
24. More specifically, the City of Warwick, the City of Warwick Police Department, and its agents as aforesaid, jointly and severally, have maliciously and callously engaged in practices that have resulted in a disparate impact on the Plaintiff based on his disability, with respect to compensation, terms, conditions, privileges and employment because of disability, in violation of R.I.G.L. §28-5-7.
25. Pursuant to provisions of R.I.G.L. §28-5-1 et seq., Defendants are liable to Plaintiff for compensatory and/or punitive damages, as well as such other and further relief as this Honorable Court may deem appropriate.

## COUNT III

**(Violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and the Civil Rights Act Rhode Island General Laws §42-87-2 et seq)**

26. Plaintiff hereby reasserts the allegations contained in Paragraphs One through Twenty-Five above as if fully set forth herein.
27. The acts and omissions of the City of Warwick, the City of Warwick Police Department, and its agents as aforesaid, jointly and severally, in reliance on City Charter Article X Section 10-4, do constitute unlawful employment practices as defined in R.I.G.L. §28-5-7, in that said Charter provision is illegal, overly broad, vague, and in contradiction of existing State and Federal Disability Law, including Title I of the

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

TRUE COPY ATTEST
DAVID E. PERRY, CLERK

d. That this Court award such other and further relief as it deems just, including but not limited to an award of reasonable attorney's fees and costs.

Plaintiff, Timothy V. Colgan

By his Attorneys,

Raymond J. Angell III, Esq. #6291
CASSEL & ANGELL, LLP
1441 Park Avenue, Suite E
Cranston, RI 02920
Office: 401-383-7177
Fax: 401-383-7178

**PLAINTIFF DEMANDS A TRIAL BY JURY AND HEREBY DESIGNATES RAYMOND J. ANGELL III AND MELODY J. CASSEL AS TRIAL COUNSEL.**

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT



TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT