**STATE OF RHODE ISLAND**
**KENT, SC**

**SUPERIOR COURT**

**TIMOTHY V. COLGAN** :

**VS.** : **C.A. NO.:** K08-310

**THE CITY OF WARWICK, RI; and ERNEST ZMYSLINSKI, in his capacity as FINANCE DIRECTOR; and THE CITY OF WARWICK POLICE DEPARTMENT and STEPHEN M. McCARTNEY in his capacity as CHIEF OF POLICE** :

**COMPLAINT ALLEGING CIVIL RIGHTS AND JOB DISCRIMINATION**

Now comes the Plaintiff in the above-entitled matter, and hereby states his cause of action as follows:

**PARTIES AND JURISDICTION**

1. At all times material hereto, Plaintiff has been a resident of the City of Warwick, County of Kent, State of Rhode Island.
2. At all times material hereto, Defendant City of Warwick, is a municipal corporation organized under the laws of the State of Rhode Island, and is named through its Finance Director Ernest Zmyslinski.
3. At all times material hereto, the City of Warwick Police Department, by and through Stephen M. McCartney, is an instrumentality and subdivision of the City of Warwick and Chief Stephen M. McCartney is a duly authorized agent and servant of Defendant, City of Warwick and authorized to act of behalf of the City of Warwick.
4. The amount in controversy meets the jurisdictional requirements of this Court.

KENT SUPERIOR COURT
FILED
08 JUN 13 PM 2:24
DAVID E. PERRY, CLERK

TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

## FACTUAL ALLEGATIONS

5. On or about January 1, 1999 the Plaintiff was involuntarily retired from his position as a Warwick Police Officer for a job related disability;
6. On or about March 7, 2007 Plaintiff made a request to Deputy Chief Mark Titus to be allowed to work special details that fall under an existing agreement captioned "Retired Warwick Police Officers Working Special Details";
7. Plaintiff's request was denied by Deputy Chief Mark Titus;
8. On or about March 19, 2007 Plaintiff received notice from Counsel of the City of Warwick that Deputy Chief Titus' denial was based on Article X, Section 10-4 of the City of Warwick City Charter which specifically denies a retired police officer with a disability the opportunity to obtain employment and receive compensation from working details;
9. On or about June 25, 2007 Plaintiff filed a Charge of Discrimination with the Rhode Island Commission for Human Rights seeking the ability to work special details and compensation for the time period he was denied the right to work special details;
10. Despite Plaintiff's cervical/spine disability, he meets the physical requirements necessary to perform, and is capable of performing, the duties required for special details without any special accommodation from the City of Warwick;
11. On or about July 19, 2007, the City of Warwick and Ernest Zmyslinski, Finance Director, denied the allegations specifically referencing Article X, Section 10-4 of the Warwick City Charter;
12. On or about February 13, 2008, the Rhode Island Human Rights Commission found "probable cause" to believe that the Defendant violated the RI Fair Employment Practices Act, Title 28, Chapter 5 of the General Laws of Rhode Island.
13. On or about February 18, 2008, the Defendant, through their Attorney, caused the Rhode Island Human Rights Commission proceedings to be terminated, seeking to have the matter addressed in the Superior or Federal Court.
14. After the passage of more than one hundred twenty days, on or about March 19, 2008 Plaintiff received notice from the State of Rhode Island Commission for



TRUE COPY ATTEST
DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

Human Rights that the City of Warwick Police Department and Ernest Zmyslinski, Finance Director elected to have the case heard and decided in Superior Court and was issued a Notice of Right to Sue, a copy of which Notice is annexed hereto as "Exhibit 1".

15. At all times material hereto, Plaintiff has suffered from a cervical/spine injury incurred while he was a member of the Warwick Police Department, said injury being a physical disability that substantially limits one or more life activity(s), or, in the alternative, is regarded as having an impairment as defined by Rhode Island General Laws §42-87-1 et seq..
16. At all times material hereto, Plaintiff has received discriminatory and disparate treatment by being denied an ability to work special details in the City of Warwick.
17. As a consequence, Plaintiff avers that the City of Warwick and the Warwick Police Department have discriminated against him in a malicious, willful and deliberate manner, such as to support an award of punitive damages.

**COUNT I**

**(Violation of R.I.G.L. §42-87-2 et seq)**

18. Plaintiff hereby reasserts the allegations contained in Paragraphs One through Seventeen above as if fully set forth herein.
19. The acts and omissions of the City of Warwick Police Department and the City of Warwick and its agents as aforesaid, jointly and severally, constitute discriminatory acts based upon a disability, as defined by R.I.G.L. §42-87-3 and prohibited under R.I.G.L. §42-87-2.
20. The acts and omissions of the City of Warwick Police Department and the City of Warwick and it's agents as aforesaid, jointly and severally, do constitute an ongoing violation of Plaintiff's civil rights.
21. Pursuant to provisions of R.I.G.L. §42-87-4, Defendants are liable to Plaintiff for compensatory and/or punitive damages, as well as such other and further relief this Honorable Court may deem appropriate.

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COUR

**COUNT II**

**(Discrimination based on disability in violation of the Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.)**

22. Plaintiff hereby reasserts the allegations contained in Paragraphs One through Twenty-One above as if fully set forth herein.
23. The acts and omissions of the City of Warwick, the City of Warwick Police Department, and its agents as aforesaid, jointly and severally, do constitute unlawful employment practices as defined in R.I.G.L. §28-5-7.
24. More specifically, the City of Warwick, the City of Warwick Police Department, and its agents as aforesaid, jointly and severally, have maliciously and callously engaged in practices that have resulted in a disparate impact on the Plaintiff based on his disability, with respect to compensation, terms, conditions, privileges and employment because of disability, in violation of R.I.G.L. §28-5-7.
25. Pursuant to provisions of R.I.G.L. §28-5-1 et seq., Defendants are liable to Plaintiff for compensatory and/or punitive damages, as well as such other and further relief as this Honorable Court may deem appropriate.

**COUNT III**

**(Violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and the Civil Rights Act Rhode Island General Laws §42-87-2 et seq)**

26. Plaintiff hereby reasserts the allegations contained in Paragraphs One through Twenty-Five above as if fully set forth herein.
27. The acts and omissions of the City of Warwick, the City of Warwick Police Department, and its agents as aforesaid, jointly and severally, in reliance on City Charter Article X Section 10-4, do constitute unlawful employment practices as defined in R.I.G.L. §28-5-7, in that said Charter provision is illegal, overly broad, vague, and in contradiction of existing State and Federal Disability Law, including Title I of the

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and Rhode Island General Laws §42-87-2 et seq.

28. The City of Warwick, the City of Warwick Police Department, and it's agents as aforesaid, jointly and severally, have maliciously and callously engaged in practices that have resulted in a disparate impact on the Plaintiff based on his disability, with respect to compensation, terms, conditions, privileges and employment because of disability, in violation of existing State and Federal Disability Law,
including Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and Rhode Island General Laws §42-87-1 et seq.

**WHEREFORE**, Plaintiff prays to this Honorable Court as follows:

a. That this Court issue an Order commanding Defendants to place Plaintiff on an eligibility list and allow Plaintiff to work special details in the City of Warwick;
b. That this Court award compensatory damages against Defendants City of Warwick and City of Warwick Police Department in an amount to include, but not limited to, the amount equal to Plaintiff's lost wages and benefits he would have received had he been allowed to work special details since his retirement;
c. That this Court award punitive damages against Defendants City of Warwick and City of Warwick Police Department;

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

d. That this Court award such other and further relief as it deems just, including but not limited to an award of reasonable attorney's fees and costs.

Plaintiff, Timothy V. Colgan

By his Attorneys,

Raymond J. Angell III, Esq. #6291
CASSEL & ANGELL, LLP
1441 Park Avenue, Suite E
Cranston, RI 02920
Office: 401-383-7177
Fax: 401-383-7178

**PLAINTIFF DEMANDS A TRIAL BY JURY AND HEREBY DESIGNATES RAYMOND J. ANGELL III AND MELODY J. CASSEL AS TRIAL COUNSEL.**

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

[redacted]

Before The
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 07 EPD 313-

EEOC NO. 16J-2007-00273

In the matter of

Timothy V. Colgan
Complainant

Against

**NOTICE OF RIGHT TO SUE**

City of Warwick Police Department and
Ernest Zmyslinski, Finance Director
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above-cited complainant pursuant to Section 28-5-24.1(c) of the General Laws of Rhode Island because the respondents have elected to have the case heard and decided in superior court. With the issuance of the NOTICE OF RIGHT TO SUE, **the Commission is terminating any further processing of this charge.** If the parties agree, the Commission can seek to conciliate or mediate the settlement of this case within the next ninety (90) days. Such conciliation or mediation efforts will NOT extend the time period within which the complainant must bring suit.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on page three.

If you intend to sue, **YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.**

On Behalf of the Commission

3/19/08
Date

Michael D. Évora
Executive Director

**********************************************************************

TRUE COPY ATTEST

May 06 08 01:10p CASSEL AND ANGELL 4013837178 p.2

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # KC08-810

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| PLAINTIFF | DEFENDANT |
|---|---|
| TIMOTHY V. COLGAN | THE CITY OF WARWICK, RI and ERNEST ZHYSLINSKI, in his capacity as FINANCE DIRECTOR; and the CITY OF WARWICK POLICE DEPT and STEPHEN McCARTN CHIEF OF POLICE |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) **AA** AGENCY APPEAL | ( ) **EX** EXCESSIVE TAX | ( ) **PR** PARTITION |
| ( ) **AB** ASSAULT & BATTERY | ( ) **FF** FORFEITURE | ( ) **RC** REINSTATE CHARTER |
| ( ) **AE** ASBESTOS CASES | ( ) **FG** FOREIGN JUDGMENT | ( ) **PT** PROMISSARY NOTE |
| ( ) **AI** ANTI-TRUST | ( ) **FS** FRIENDLY SUIT | ( ) **RY** REAL PROPERTY |
| ( ) **BA** BOOK ACCOUNT | ( ) **ID** PER INJURY/PROP DAM/VEH | ( ) **SA** SEXUAL ABUSE |
| ( ) **BP** BILL OF RIGHTS-POLICE OFF | ( ) **IJ** INJUNCTIVE RELIEF | ( ) **SF** SPECIFIC PERFORMANCE |
| (X) **CH** CIVIL RIGHTS/JOB DISCRIM | ( ) **IP** INTERPLEADER | ( ) **SX** SEXUAL HARASSMENT |
| ( ) **CI** CRIMINAL INJURY COMP | ( ) **LC** LEAD CASE | ( ) **TD** CONTRACT DAMAGES |
| ( ) **CL** COMMON LAW ASSIGNMENT | ( ) **LS** LIBEL/SLANDER | ( ) **TE** TRESSPASS & EJECTMENT |
| ( ) **CM** COMMON LAW LIEN | ( ) **ME** MALPRACTICE/LEGAL | ( ) **TO** TITLE CLEARING |
| ( ) **CS** CONVERSION | ( ) **MM** MALPRACTICE/MEDICAL | ( ) **TV** TRUSTEE/APPT CONVEY TITLE |
| ( ) **CV** CRIMINAL CONVERSION | ( ) **MO** MALPRACTICE/OTHER | ( ) **TG** TRUSTEE/ACCOUNTING |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIMIN | ( ) **OV** OTHER CIVIL ACTION | ( ) **UM** UNINSURED MOTORIST |
| ( ) **DJ** DECLARATORY JUDGMENT | ( ) **PB** PROPERTY DAMAGES | ( ) **WM** WRIT OF MANDAMUS |
| ( ) **DG** RECOVERY OF DAMAGES | ( ) **PG** PROPERTY DAMAGES/VEH | ( ) **WR** WRIT OF REPLEVIN |
| ( ) **DB** DEBT ON JUDGMENT | ( ) **PI** PERSONAL INJURY | ( ) **WD** WRONGFUL DEATH |
| ( ) **DD** DECEPTIVE TRADE PRACTICE | ( ) **PJ** PERSONAL INJURY/VEHICLE | |
| ( ) **DN** DENIAL OF PROBATE CLAIM | ( ) **PL** PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) **AC** ARBITRATION/CONFIRM | ( ) **GJ** GRAND JURY INVESTIGATION | ( ) **PX** PETITION TO EXPUNGE |
| ( ) **AD** ARBITRATION AWARD | ( ) **HC** HABEAS CORPUS | ( ) **PY** PETITION INVENT (WIRE TAP) |
| ( ) **AS** ASSESSMENT OF DAMAGES | ( ) **LN** LEVEL COMMUN NOTIFICATION | ( ) **RB** ARBITRATION REFERRAL |
| ( ) **CE** CONDEMNATION | ( ) **ML** MECHANICS LIEN | ( ) **RP** RULE 5A PETITION |
| ( ) **CN** CONFIRM COMPROMISE | ( ) **MW** MATERIAL WITNESS | ( ) **RV** RECEIVERSHIP |
| ( ) **CP** CONTEMPT | ( ) **OM** OTHER MISC PETITION | ( ) **SO** SEXUAL VIOLENT PREDATOR |
| ( ) **DI** DISCLAIMER | ( ) **OW** OUT OF STATE WITNESS | ( ) **TA** APPOINTMENT OF TRUSTEE |
| ( ) **DS** DISSOLUTION OF CORP | ( ) **PC** POST CONVICTION RELIEF | ( ) **TC** TITLE CLEARING (TAX TITLE) |
| ( ) **DT** DECLINATION OF TRUSTEE | ( ) **PD** PETITION TO TAKE DEPO | ( ) **TL** FORECLOSURE/TAX LIEN |
| ( ) **EN** END PARTNERSHIP | ( ) **PM** PETITION FOR IMMUNITY | ( ) **TS** TRUSTEE SUCCESSOR |
| ( ) **FC** FORFEITURE OF CHARTER | ( ) **PO** PETITION FOR CONSTABLE | ( ) **VC** VACATE ARBITRATION |
| ( ) **FL** FORECLOSURE RIGHTS REDEM | ( ) **PS** PERFORM SURGERY | |

KENT SUPERIOR COURT FILED
08 JUN 13 PM 2:24
DAVID E. PERRY, CLERK

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) **GD** GUARDIANSHIP | ( ) **OA** OTHER PROBATE APPEAL | ( ) **WL** WILL |
| ( ) **NC** NAME CHANGE | ( ) **TU** TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (X) YES ( ) NO IF YES: (X) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# RAYMOND J. ANGELL III, ESQ #6291
PRO SE/NAME: DATE/ TODAY 6-13-08

SC223 (REV05-05)

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT

MISC./FISCAL OFFICE

## R E C E I P T

Rhode Island Justice System

Receipt Number: 3CK61949
Date: 13-JUN-2008
Cashier: CIV

Payor: 08-CASSEL
Address:

| Description | Amount |
|---|---|
| Case: KC-2008-0410 | |
| TIMOTHY COLGAN V CITY OF WARW | |
| INITIAL FILING FE | 150.00 |
| RI LEGAL SERVICES | 10.00 |
| Present Balance: | 160.00 |
| Amount Paid: | 160.00 |
| New Balance Due: | 0.00 |

| | |
|---|---|
| Tender Type: | |
| CHECKS-1721 | 160.00 |
| Amount Tendered: | 160.00 |
| Amount Paid: | 160.00 |
| Change: | 0.00 |

TRUE COPY ATTEST

DAVID E. PERRY, CLERK
KENT COUNTY SUPERIOR COURT